IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RONNIE SMITH**,<br><br>        Plaintiff,<br><br>    v.<br><br>**BRIAN POWELL**, **DAVID McGUFFEY, and JUSTINE WINTER**,<br><br>        Defendants. | Case No. 2:16-cv-947-SI<br><br>**OPINION AND ORDER** |

Jesse Merrithew, LEVI MERRITHEW HORST PC, 610 SW Alder Street, Suite 415, Portland, OR 97205. Of Attorneys for Plaintiff.

William M. Manlove, Senior Deputy City Attorney, OFFICE OF THE CITY ATTORNEY, 1221 SW Fourth Avenue, Suite 430, Portland, OR 97204. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

      Plaintiff Ronnie Smith ("Smith") brings this lawsuit against the City of Portland ("City") and Portland Police Officers Brian Powell, David McGuffey, and Justine Winter. In his first claim for relief, Smith alleges that Defendant Powell used excessive force and falsely arrested Smith on May 23, 2014. In his second claim for relief, Smith alleges that Defendants McGuffey and Winter used excessive force against Smith on May 25, 2014. Based on these allegations, Smith asserts civil rights claims against the Defendants under 42 U.S.C. § 1983 alleging

violations of Smith's rights under the Fourth Amendment, as incorporated by the Fourteenth Amendment. Defendants, Powell and the City move to dismiss Smith's first claim for relief, arguing that it is time-barred under the applicable two-year statute of limitations because Smith, while incarcerated, placed his Complaint in the correction institution's mailing service on May 24, 2016. For the reasons discussed below, the motion to dismiss is granted in part and denied in part.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the

PAGE 2 – OPINION AND ORDER

expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Although a statute of limitations defense is usually raised in an answer, it may be presented in a motion to dismiss, but only "when the running of the statute is apparent from the face of the complaint." *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)). "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (internal citations and quotation marks omitted). In order to dismiss a claim as untimely on a Rule 12(b)(6) motion, it must "appear[ ] beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* at 1207.

## BACKGROUND

In his Second Amended Complaint, Smith alleges that on May 23, 2014, an employee of a bar in Portland, Oregon, had called the police to report that someone was refusing to leave the bar. Portland Police Officer Powell responded and found Smith outside the bar. Powell approached Smith and demanded to see Smith's identification. Smith refused and tried to walk away. According to Smith, Powell grabbed Smith, brought him to the ground, and kicked him in the ribs. After Smith was handcuffed, Powell transported Smith to the Multnomah County Detention Center on charges of furnishing false information to a peace officer, resisting arrest, and criminal trespass in the second degree. Smith also alleges that two days later, on May 25,

PAGE 3 – OPINION AND ORDER

2014, Portland Police Officers McGuffey and Winter slammed Smith to the ground, causing him injury, after Smith refused to provide his identification to those officers.

As presented in his Second Amended Complaint, Smith's first claim alleges that Defendant Powell violated Smith's Fourth Amendment rights by (1) using excessive force; and (2) unlawfully arresting Smith without probable cause. Smith also alleges in his first claim that the City has a custom and practice of unconstitutionally dealing with citizens who refuse to provide identification and ratified Powell's actions. Smith's second claim alleges that Defendants McGuffey and Winter violated Smith's Fourth Amendment rights by using excessive force. In his second claim, Smith also asserts the same "custom and practice" and "ratification" allegations against the City that he asserted in his first claim. Only the first claim is at issue in the pending motion to dismiss.

By May 2016, Smith was incarcerated at the Two Rivers Correctional Institution in Umatilla, Oregon. On May 24, 2016, Smith signed and dated his original Complaint and certified that he personally placed a copy of that Complaint in the correctional institution's mailing service. ECF 2 at 6-7.

## DISCUSSION

Powell and the City move to dismiss Smith's first claim because it is based on events occurring before May 24, 2014, and is thus barred under the applicable statute of limitations. The statute of limitations in a lawsuit brought under § 1983 is the same as provided under state law for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The relevant statute of limitations for personal injury claims under Oregon law is two years. Or. Rev. Stat. § 12.110(1). Thus, any act that occurred more than two years before the commencement of this action is barred under Oregon's two-year statute of limitations.

The question of when a claim under § 1983 accrues is governed by federal law. *Wallace*, 549 U.S. at 388 ("While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.") (emphasis in original). Under federal law, a claim accrues when the plaintiff "knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012). A plaintiff need not know that the injury was a result of a legal wrong or who caused the injury for the action to accrue. *See Coppinger-Martin v. Solis*, 627 F.3d 745, 749 (9th Cir. 2010) ("We have previously held, in the context of civil rights claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, that a plaintiff's claim accrues when the plaintiff learns of the 'actual injury,' . . . and not when the plaintiff suspects a 'legal wrong,'"); *Davis v. United States*, 642 F.2d 328, 331 (9th Cir. 1981) ("In the absence of fraudulent concealment it is plaintiff's burden, within the statutory period, to determine whether and whom to sue."). Additionally, for purposes of accrual, an incarcerated plaintiff is given the benefit of a "prison mailbox rule," which provides that an action is deemed to commence upon deposit in the prison mailbox ("delivery to prison authorities") rather than upon filing with the clerk of court. *Houston v. Lack*, 487 U.S. 266, 275 (1988).

Under the prison mailbox rule, Smith is deemed to have filed his original Complaint in this action on May 24, 2016, while he was incarcerated. Two years before that date is May 24, 2014. Powell and the City argue that because the alleged excessive force and unlawful arrest that Smith alleges against Powell occurred on May 23, 2014, it was one day outside of the relevant limitations period, making a claim based on those allegations time-barred. Because Smith alleges

one count of excessive force and one count of unlawful arrest together as part of Smith's first claim, the Court will discuss each count separately.[1]

**A. Excessive force**

Smith argues that federal courts rely on state law for questions of accrual and that under Oregon law, a claim does not accrue until the plaintiff discovers, or should have discovered, that he had been injured in a legal sense. This is known as the "discovery rule." Smith argues that his claim of excessive force by Powell did not begin to accrue until after Smith had sufficient time to discover upon what information Officer Powell was acting on and whether Officer Powell's conduct was objectively unreasonable.

As discussed above, however, the accrual date for a claim brought under § 1983 is a question of federal law, not state law. *Wallace*, 549 U.S. at 388. In addition, the Ninth Circuit has found that a plaintiff's claim under § 1983 accrues not when the plaintiff suspects a "legal wrong," but when the plaintiff learns of the "actual injury." *Coppinger-Martin,* 627 F.3d at 749.

In his first claim, Smith alleges that on May 23, 2014, Powell "tripped" Smith to the ground and kicked him several times in the ribs. At that point in time, Smith knew of his "actual injury." *See, e.g.*, *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998) (holding that the district court properly found that the excessive force claim was time-barred because the claim accrued on the date of the actual injury); *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012) (finding the plaintiff's claim time-barred because "Bonneau was aware of the injuries he experienced as a child as well as their causes at the time

---

[1] Plaintiff alleges unlawful arrest in his first claim. The Court notes the following distinction between false arrest and false imprisonment. "False arrest and false imprisonment overlap; the former is a species of the latter. . . . The sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process.*" *Wallace*, 549 U.S. at 388-89 (emphasis in original) (finding the allegations before thecCourt were for false imprisonment because petitioner was detained without a warrant).

of the beatings"). Thus, Smith's count of excessive force allegedly committed by Powell accrued on the date that Smith suffered his injuries, which is May 23, 2014. That is one day beyond the applicable two-year statute of limitations period. Accordingly, the Court dismisses Smith's count alleging excessive force as asserted in Smith's first claim for relief.[2]

**B. Unlawful arrest**

In his first claim for relief, Smith also asserts, as his second count, that Powell and the City are liable for damages caused by their unlawful arrest of Smith. Smith similarly argues that this count is not time-barred because his claim did not begin to accrue, with respect to this allegation, until after Smith had sufficient time to discover what information Officer Powell was acting on when Smith was arrested and whether Officer Powell's conduct was objectively unreasonable. Smith's argument, however, is not supported by the Supreme Court holding in *Wallace.*

False arrest or unlawful imprisonment consists of detention without legal process. *Wallace*, 549 U.S. at 389. Such imprisonment ends "once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.*

---

[2] Smith also argues that the running of the statute of limitations should be equitably tolled because Smith actually attempted to file his lawsuit before May 24, 2016, but was prevented from doing so by the state prison. Smith, however, has failed to include any supporting factual allegations either in his Second Amended Complaint or in his response to the pending motion to dismiss. In addition, in § 1983 claims, federal courts apply the tolling doctrine of the forum state. *Two Rivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999). The Oregon Tort Claims Act contains no specific equitable tolling provision, and courts in this district are split on whether equitable tolling is available in § 1983 claims. *Compare, e.g., D.H.M. v. OR Youth Auth.*, 2008 WL 1766727, at *5 (D. Or. Apr. 8, 2008) (denying equitable tolling because unable to locate any Oregon cases applying the doctrine in § 1983 claims); *with Rodriguez v. Williams*, 2010 WL 1542092, at *3 (D. Or. Feb. 25, 2010), *report and recommendation adopted*, 2010 WL 1541962 (D. Or. Apr. 14, 2010), *aff'd*, 447 F. App'x 850 (9th Cir. 2011) (noting Oregon's history of applying equitable tolling and concluding equitable tolling may be available in some circumstances). Because Smith has not alleged any facts that might support a theory of equitable tolling, the Court need not further address this issue at this time. Plaintiff has leave to replead to allege facts in support of his theory of equitable tolling.

(citations omitted) (emphasis in original). In *Wallace,* the Supreme Court held that the ending of a period of false imprisonment, and the beginning of the accrual of a claim, is not determined by the date of release from custody, but rather by the date when the arrested person first appears before a magistrate or other judicial officer for legal process. *Id.* at 390.

Although Smith was arrested on May 23, 2014, it is unclear in the Second Amended Complaint when Smith was released, or whether he became held pursuant to "legal process." Powell and the City concede in their reply brief that the Second Amended Complaint is ambiguous regarding when Smith was released from custody. Because the date for when the statute of limitations for Smith's claim of false arrest or unlawful imprisonment begins to run is not apparent from the face of the complaint, as Powell and the City concede, their motion to dismiss Smith's count of false imprisonment under his first claim is denied.

## CONCLUSION

The Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss filed by Defendants Brian Powell and the City of Portland. ECF 47. Smith's count in his First Claim that alleges excessive force is dismissed with leave to replead. Smith's count in his First Claim that alleges false arrest is not dismissed.

**IT IS SO ORDERED**.

DATED this 12th day of July, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge